**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3077-19

THOMAS PAGUREK and
IRENA PAGUREK,

     Plaintiffs-Appellants,

v.

BETH J. DORFMAN, D.D.S.,
RALPH S. REILLY, D.M.D.,
and ADVANCED DENTISTRY,

     Defendants-Respondents.

_____

        Argued April 13, 2021 – Decided May 5, 2021

        Before Judges Yannotti and Haas.

        On appeal from the Superior Court of New Jersey, Law
        Division, Middlesex County, Docket No. L-8065-18.

        Christian R. Mastondrea argued the cause for appellants
        (Shebell & Shebell, LLC, attorneys; Christian R. Mastondrea,
        on the brief).

        Michael R. Ricciardulli argued the cause for
        respondents (Ruprecht, Hart, Ricciardulli & Sherman,

LLP, attorneys; Michael R. Ricciardulli, of counsel and
on the brief; Brion D. McGlinn, on the brief).

PER CURIAM

Plaintiffs Thomas Pagurek and Irene Pagurek appeal from an order entered by the Law Division on February 14, 2020, which granted a motion by defendants Beth J. Dorfman, D.D.S., and Ralph S. Reilly, D.M.D., for summary judgment.[1]  Plaintiffs also appeal from an order dated March 27, 2020, which denied their motion for reconsideration.  We affirm.

I.

On December 4, 2018, plaintiffs filed a complaint in Middlesex County against Dr. Dorfman and Dr. Reilly, who practice dentistry as employees, agents, or principals of Advanced Dentistry, a dental practice group licensed to do business in New Jersey.  Plaintiffs alleged that Thomas came under defendants' care, and they recommended extensive dental reconstruction, which included the placement of dental implants.

Plaintiffs claimed that in January 2017, Thomas learned that one of the implants perforated his sinus cavity, resulting in damage to his facial nerves. Plaintiffs alleged defendants negligently, carelessly, and recklessly failed to

[1]  Because plaintiffs have the same surname, we refer to Thomas Pagurek as "Thomas" and Irene Pagurek as "Irene."

2

obtain diagnostic tests; failed to provide proper informed consent; and negligently, carelessly, and recklessly performed the treatment or procedure in violation of the accepted standard of care, which included the failure to place Thomas's implant properly. Irene asserted a per quod claim, alleging that as a result of defendant's negligence, she suffered the loss of Thomas's services, society, and consortium.

On January 23, 2019, defendants filed an answer in which they denied liability and asserted various affirmative defenses. After the completion of discovery, defendants filed a motion for summary judgment. They argued that plaintiffs' claims were barred by the applicable statute of limitations. Plaintiffs opposed the motion and sought a Lopez[2] hearing to determine when the cause of action accrued.

The record before the court on defendants' motion revealed the following. In December 2014, Thomas sought treatment at Advance Dentistry and defendants recommend the placement of dental implants in his lower and upper jaw. Defendants recommended, however, that plaintiff should see an oral maxillofacial surgeon to evaluate his upper arch because he "had a significant

---

[2] Lopez v. Swyer, 62 N.J. 267, 272 (1973).

 A-3077-19

number of voids," and he would likely need bone grafts prior to the placement of any implants in the upper arch.

In March 2015, Dr. James McMenamin performed a bone graft procedure on Thomas's upper arch. Dr. Dorfman placed implants on Thomas's bottom arch on May 28, 2015, and she placed implants in Thomas's upper arch on January 25, 2016. Thomas had a follow-up appointment with Dr. Dorfman on April 25, 2016. He was experiencing pain in three of the implants. Plaintiff was told that three of the implants had failed and would have to be removed.

On that same day, defendants removed two of the implants. They referred Thomas to Dr. McMenamin to remove the third implant. At his deposition, Thomas testified Dr. Dorfman told him she was concerned because the third implant was near his sinus and she did not feel comfortable removing it.

Thomas saw Dr. McMenamin the next day and he removed the third implant. Shortly thereafter, Thomas noticed that when he brushed his teeth or had something to drink, liquids would come out of his nose. Dr. Dorfman told Thomas to see Dr. McMenamin, who said he should wait a month to see if the problem would heal on its own.

Because the complications continued, Dr. McMenamin attempted to close the perforation in Thomas's sinus cavity by performing a "flapectomy." After

A-3077-19

Dr. McMenamin performed the procedure, liquids continued to leak into Thomas's nasal cavity, and he developed a sinus infection. On January 19, 2017, Dr. McMenamin performed another procedure at Jersey City Medical Center to close the perforation in Thomas's sinus cavity.

At his deposition, Thomas was asked how he first became aware there was a hole in his sinus cavity. He testified that he became aware of the hole in June or September 2016, when Dr. McMenamin told him they were going to perform a "flapectomy" to close the hole.

Q. And did he explain it was to close a hole?

A. Yes.

Q. Okay. And you knew where the surgery was taking place, correct?

A. Yes.

Q. on the upper left side--

A. Yes.

Q. --of your mouth. Okay. And did you ask him why there was a hole there?

A. He said there's a perforation of the sinus.

Q. And did he tell you what caused the perforation of the sinus?

A. No that was pretty obvious.

5

Q. And why was it obvious?

A. Well, let's see. The only thing that was there that could have penetrated my sinus cavity was an implant, so it was removed, now there's a hole.

Thomas also was asked about a timeline he had prepared detailing his procedures and medical expenses that he had provided with his certification and answers to interrogatories. He testified that he prepared the timeline when he began to suspect his care could lead to litigation. He testified as follows:

Q. You started the timeline in May of 2016--

A. Correct. Yes.

Q. --when you first noticed liquid coming out of your nose?

A. Liquid out of my nose. Let's see what was being done.

Q. Okay. What was the purpose of creating this timeline?

A. Just in case something like this might come about.

Q. In case there was a lawsuit and you had to sit for a deposition?

A. Right. Just in case I wanted to have a clear, concise review of all the events taking place and remember the dates . . . .

A-3077-19

Counsel for defendants asked Thomas when he created the timeline. He stated that he "started working on it right after [he] had the. . . was scheduled for the flapectomy." He could not recall when the procedure was performed. He stated, however, that he may have prepared the timeline in September 2016, when Dr. McMenamin first attempted to close the perforation. He testified as follows:

> Q. So, to the best of your recollection, before you underwent the first flapectomy procedure with Dr. McMenamin, you started this timeline, correct?
>
> A. Correct. Because I said this--you don't just have a hole in your head.
>
> Q. Okay. And according to this timeline, it looks like September 2016 you say Dr. McMenamin scheduled/performed a procedure to attempt closure, in-office procedure.
>
> A. Where was this? Which one? What date?
>
> Q. September[?]
>
> A. September 2016.
>
> Q. Right. I don't see June, 2016.
>
> A. Maybe that was it. Maybe it was September. Okay. So September--Yup.

A-3077-19

In his certification of January 13, 2020, Thomas asserted that while he was told in April 2016 that the implants had failed, defendants said his history of smoking caused the implant failure. He stated that during the surgery in January 2017, he had been shown a picture of the hole in his sinus. Thomas said this was the first time he "realized" the size of the hole looked like the size of the implant. He stated that he then realized Dr. Dorfman had probably placed the implant into his sinus.

Thomas also discussed the timeline he created about his treatment. He noted that at his deposition he had testified that he made the timeline for the purposes of "possible litigation," but this was an "oversimplification" on his part. He said defendants told him the sinus hole would heal without further complications. He asserted that, at the time, he trusted and believed defendants. He claimed that in May 2017, he still did not know the implant was the cause of the perforation.

Thomas further stated that he believed that keeping a complete list of his treatment would be a chronicle of his future treatment and help him "figure out what had occurred." He said the timeline has helped him answer questions during the litigation, but it was not "initially intended" to be presented to an

attorney because he "had not understood that malpractice had occurred." He claimed defendants were still assuring him "nothing untoward had occurred."

On February 14, 2020, Judge Jamie D. Happas heard oral argument on the motion and thereafter entered an order granting summary judgment in favor of the defendants for reasons stated in an attached written statement. The judge found that plaintiffs were alleging that defendants negligently placed the implant on January 25, 2016.

The judge noted that the applicable statute of limitations for such a claim is N.J.S.A. 2A:14-2, which required plaintiffs to file their complaint within two years after the cause of action accrued. Thus, plaintiffs were required to file their complaint by January 25, 2018.

Judge Happas then considered whether the discovery rule tolled the running of the statute of limitations. The judge found Thomas knew there was a basis for his claim against defendants in September 2016, when he prepared the timeline of his treatment. The judge noted that at least by that time, Thomas was aware of the hole in his sinus cavity, and he testified it was "pretty obvious" the perforation had been caused by the implant, not his history of smoking.

The judge also found a Lopez hearing was unnecessary because there was no genuine issue of material fact regarding the discovery date. The judge

concluded that plaintiffs' claims were barred by the statute of limitations, and defendants were entitled to summary judgment.

Plaintiffs filed a motion for reconsideration. In support of the motion, plaintiffs submitted a certification by Thomas dated March 1, 2020, in which he noted that during his deposition, he had been questioned about the timeline he prepared concerning his treatment. He stated that he "now" realized that during his deposition, he "was confused" about the date when he prepared the timeline.

Thomas asserted that he had testified that he began to prepare the timeline sometime after Dr. McMenamin performed a surgical procedure in April 2016, but he was "apparently confused and mistaken." He said that after the judge's decision on summary judgment, he searched his computer and found that he had created the timeline on February 1, 2017. He attached a copy of a screen shot showing "the file creation date."

Thomas also claimed he had "confused" the April 2016 surgery with the January 2017 surgery "under the pressure of the deposition." He said that throughout his treatment by defendants, he had been "assured nothing untoward had occurred." He stated that he continued to treat with defendants until September 2018, and they never suggested "anything was wrong with the way the implant was placed."

10

On March 27, 2020, Judge Happas heard oral argument and filed an order denying the motion for reasons set forth in a statement attached to the order. The judge noted that plaintiff's arguments were, for the most part, the same arguments previously presented. The judge also noted that the facts Thomas presented in his second certification should have been presented earlier.

Judge Happas found that, even if the court considered the new evidence, reconsideration of the earlier decision was not warranted. The judge stated that the accrual date for the statute of limitations "does not depend on when the [p]laintiff created the timeline, but rather when plaintiff had enough knowledge to form the basis of a cause of action."

The judge observed that Thomas had admitted in his deposition testimony that in 2016, it was "pretty obvious" the implant was the cause of the sinus perforation. The judge stated that Thomas's claim that he did not know the cause of the perforation until he saw Dr. McMenamin's pictures in January 2017 was "untenable."

The judge again determined that plaintiffs' claims accrued when Thomas had sufficient knowledge to form the basis of a cause of action against defendants, which was in 2016. The judge reaffirmed her earlier decision that plaintiffs did not file their complaint within the time required by the statute of

11

limitations and defendants were entitled to summary judgment. This appeal followed.

II.

Plaintiffs argue that the trial court erred by granting summary judgment in favor of defendants without conducting a <u>Lopez</u> hearing. They contend there was a genuine issue of material fact as to the date upon which the cause of action accrued, which required a hearing. We disagree.

We review the trial court's order granting summary judgment by applying the standard in <u>Rule</u> 4:46-2(c). <u>Invs. Bank v. Torres</u>, 243 N.J. 25, 47 (2020) (citing <u>Mem'l Props., LLC v. Zurich Am. Ins. Co.</u>, 210 N.J. 512, 524 (2012)). Therefore, we must determine "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." <u>R.</u> 4:46-2(c).

"The statute of limitations governing actions for personal injuries requires a plaintiff to commence an action within two years after the cause of action shall have accrued." <u>Baird v. Am. Med. Optics</u>, 155 N.J. 54, 65 (1998) (citing N.J.S.A. 2A:14-2). In medical and dental malpractice actions, the accrual date

is generally the date on which the negligent act or omission occurred. See Szczuvelek v. Harborside Healthcare Woods Edge, 182 N.J. 275, 281 (2005) (citing Martinez v. Cooper Hosp., 163 N.J. 45, 52 (2000)). Here, plaintiffs allege that defendants negligently placed an implant and, in doing so, perforated Thomas's sinus cavity. The alleged negligent act occurred on January 25, 2016. Plaintiffs filed their complaint on December 4, 2018.

Plaintiffs claimed, however, that the discovery rule tolled the running of the statute of limitations. The discovery rule "provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." Ibid. (quoting Lopez, 62 N.J. at 272).

The court must "identify the equitable claims of each party and evaluate and weigh those claims in determining whether it is appropriate to apply the discovery rule." Ibid. The critical inquiry is "whether the facts presented would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another. The standard is basically an objective one--whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running." Ibid. (quoting Martinez, 163 N.J. at 52).

A-3077-19

In applying the discovery rule, courts generally make their determination of the accrual date "by way of a pretrial inquiry on either affidavits, depositions[,] or a so-called evidential Lopez hearing . . . ." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 117 (2019) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 36.2.2 on R. 4:5-4 (2019)). However, every plaintiff that invokes the discovery rule is not entitled to a hearing. J.P. v. Smith, 444 N.J. Super. 507, 528 (App. Div. 2016).

"A Lopez hearing is only required when the facts concerning the date of the discovery are in dispute." Ibid. (quoting Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320 (2010)). Therefore, if competent evidence shows there is no genuine dispute as to material facts "controlling the discovery determination, a Lopez hearing is not required." Dimitrakopoulos, 237 N.J. at 117.

Here, the judge did not err by denying plaintiffs' request for a Lopez hearing because there was no genuine issue of material fact as to when Thomas was aware, or should have been aware, that he had a basis for an actionable malpractice claim against defendants. As the judge noted, the alleged negligent act occurred on January 25, 2016, when defendants performed the implant procedure.

Thomas may not have been immediately aware that he had a cause of action against defendants. However, the record shows that at least by September 2016, a reasonable person, exercising ordinary diligence, would have been aware of sufficient facts indicating he "may have a basis for an actionable claim." Lopez, 62 N.J. at 272.

As noted previously, in April 2016, defendants informed Thomas three of the previously placed implants had failed. Defendants removed two of the implants and referred Thomas to Dr. McMenamin for the removal of the other implant because it was too close to the sinus.

On April 26, 2016, Dr. McMenamin removed the third implant and in May 2016, Thomas began to experience complications. He testified that when he brushed his teeth or drank liquids, fluids would come out of his nose. Thomas returned to Dr. McMenamin. He was told to wait a month to see if the complications continued.

Thomas learned that there was a hole in the sinus cavity where the third implant had been placed. In September 2016, Dr. McMenamin attempted to close the hole in the sinus cavity by performing a flapectomy. Thomas testified that it was "pretty obvious" the implant had been the cause of the hole in his sinus cavity.

A-3077-19

Based on this evidence, the motion judge correctly found that at least by September 2016, Thomas knew or should have known he had a cause of action against defendants based on the alleged negligent placement of the implant. Irena's claim also was based on defendants' negligent placement of the implant. Therefore, Irena's claim accrued at the same time.

Plaintiffs assert, however, that Thomas was not aware that he had a cause of action against defendants until sometime later. At his deposition, Thomas testified that beginning in September 2016, or before that date, he began to prepare a written timeline concerning his treatment for the purpose of future litigation.

However, in the certification submitted to the trial court in support of the motion for reconsideration, Thomas asserted that during his deposition, he had been "confused and mistaken." He claimed he began to prepare the timeline in February 2017, after Dr. McMenamin performed the second procedure to close the hole in his sinus cavity.

The motion judge correctly found that the date on which plaintiff began to prepare his timeline was not material. The record supports the judge's determination that, at least by September 2016, Thomas knew or should have known that he had a cause of action against defendants based on the alleged

16

negligent placement of the implant. At least by September 2016, Thomas was aware his sinus cavity had been perforated, and he testified at his deposition that it was "pretty obvious" the implant caused the perforation.

Plaintiffs also claimed that Thomas was not aware he had a cause of action against defendants until January 2017, when Thomas was shown pictures of the hole in his sinus cavity. The motion judge found that this claim was inconsistent with Thomas's testimony that he knew about the hole in his sinus cavity at least by September 2016, when Dr. McMenamin performed the first procedure to close the hole.

Plaintiffs also contend that while Thomas may have known he had been injured, he did not know the injury was due to any fault or negligence by defendants. Thomas claims defendants led him to believe that the injury was not due to any negligence on their part. According to Thomas, defendants told him his smoking caused the implants to fail, and this caused the perforation in his sinus cavity.

However, application of the discovery rule does not require proof that a person has a probable claim, or even that the person knew of facts suggesting the probability of a cause of action. Savage v. Old Bridge-Sayreville Med. Grp., 134 N.J. 241, 248 (1993). All that is required is that the plaintiff had knowledge

A-3077-19

of some facts which "would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another."  Szczuvelek, 182 N.J. at 281.  Here, the record shows that at least by September 2016, Thomas knew he had been injured and the implant procedure was the possible cause of the injury.

Thus, Judge Happas correctly determined that a Lopez hearing was not required because there were no genuine issues of material facts as to when plaintiffs' claims accrued.  Further, the record supports the judge's determination that plaintiffs did not assert their claims based on the alleged negligent placement of the implant within the time required by N.J.S.A. 2A:14-2.

III.

Plaintiffs also argue that the trial court erred by denying their motion for reconsideration.  Plaintiffs contend the judge failed to give sufficient weight to certain newly discovered evidence, which they claim shows Thomas had mistakenly identified the date upon which he began to prepare the timeline of his treatment.

It is well established that reconsideration of a prior decision is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice . . . ."  Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting

18

D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). We will not reverse the trial court's denial of a motion for reconsideration unless shown to be a mistaken exercise of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

Rule 4:49-2 provides that reconsideration is warranted when "(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria, 242 N.J. Super. at 401). The movant has the burden of showing the court "acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

Here, Judge Happas did not err by denying plaintiffs' motion for reconsideration. As the judge found, the facts set forth in Thomas's March 1, 2020 certification did not warrant reconsideration of her earlier decision. As the judge noted, the date on which plaintiffs' claims accrued did not turn on the date when Thomas began to prepare his timeline. The record supports the judge's conclusion that at least by September 2016, Thomas knew, or had reason to

know, he had the basis for a cause of action against defendants based on the alleged negligent placement of the implant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION